IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PAUL L. NALLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-388 (MTT) |
| | ) |
| STATE OF GEORGIA AND THE SUPERIOR COURT OF TREUTLEN COUNTY, GEORGIA, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Paul L. Nally has moved to proceed *in forma pauperis*. Doc. 2. Motions to proceed IFP are governed by 28 U.S.C. § 1915(a), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the *affidavit* satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (emphasis added). To show poverty, a plaintiff need not show in the affidavit that he is "absolutely destitute." *Id.* Instead, "[s]uch an affidavit will be held sufficient if it represents that the [plaintiff], because of his poverty, is unable to pay for

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners*, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Id.* (internal quotation marks, alterations, and citation omitted). However, "[i]f the district court finds that [plaintiff's] affidavit is insufficient to provide an adequate basis for an IFP determination, [plaintiff] should be directed to file a supplemental affidavit providing additional information, including [his] liabilities, which may assist the court in its ruling." *Id.* at 1308; *see also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) ("A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement.").

In this case, Plaintiff has not submitted an affidavit to show he is unable to pay for the court fees. Rather, in his motion to proceed IFP, Plaintiff states that he receives a gross monthly sum of $1,752.32 and that, due to his indigent status, he "is without sufficient funds and other resources necessary to obtain all mailing addresses of the Grand Jurors so that he might submit his petition directly to all of them." Doc. 2 at 1. First, Plaintiff's apparent gross annual income of $21,027.84 far exceeds the federal poverty guideline for a household of one, which is $12,060.[2] In addition, because there is no affidavit, the Court cannot compare Plaintiff's assets and liabilities to determine whether he satisfies the poverty requirement. While the Court may "look beyond the plaintiff's application to proceed *in forma pauperis* to determine his financial condition," Plaintiff has provided no additional information other than his bare claim of indigent status. *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982).

---

[2] The federal poverty guidelines can be found at https://aspe.hhs.gov/poverty-guidelines.

Accordingly, Plaintiff must pay the full filing fee of $400.00, or, if he still claims he is impoverished, file a detailed affidavit providing additional information, including an itemization of his assets and liabilities.

Plaintiff should also note that an action only has legal merit in the federal court if it falls within the court's limited subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, if an action does not fall within the Court's subject-matter jurisdiction, it is frivolous under Section 1915(e)(2)(B)(i) and thus warrants dismissal of both the action itself and the accompanying IFP application. *See Davis v. Ryan Oaks Apartment.*, 357 F. App'x. 237, 238 (11th Cir. 2009) (affirming the district court's decision to vacate its order granting IFP because the court was "authorized, indeed compelled, to dismiss the case once it realized that subject-matter jurisdiction did not exist"). Moreover, regardless of whether a plaintiff has filed an IFP application with his action, the Court is obligated to consider *sua sponte* whether a claim falls within its subject-matter jurisdiction and dismiss the claim if it finds subject-matter jurisdiction to be lacking. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Thus, if Plaintiff chooses to submit an affidavit in support of his motion to proceed IFP, he should carefully consider whether his complaint establishes that this Court has the jurisdiction to give him the relief he seeks. In all likelihood, this case will be dismissed.

**SO ORDERED,** this 31st day of October, 2017.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT
